IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAMES EARL HOLMES,                                                        PETITIONER

v.                                                                      No. 1:10CV151-A-A

RONALD KING, ET AL.                                                       RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has responded to the petition, and the petitioner has replied. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be denied.

**Facts and Procedural Posture**

James Earl Holmes, is lawfully in the custody of the Mississippi Department of Corrections and currently housed at the South Mississippi Correctional Institution in Leakesville, Mississippi. Holmes was convicted of sexual battery in the Circuit Court of Clay County, Mississippi. On July 26, 2007, he was sentenced as a habitual offender to serve thirty years in the custody of the Mississippi Department of Corrections ("MDOC") and to pay a $10,000.00 fine. State Court Record ("SCR"), Vol. 1, p. 60-61.

Holmes filed an appeal of his convictions and sentences in the Mississippi Supreme Court, raising the following issue (as stated by counsel):

Issue 1.    The trial court erred in failing to grant Holmes' motion for directed verdict, in denying his request for peremptory instruction of not guilty, and in denying his motion for judgment notwithstanding the verdict as the sufficiency of the evidence did not support a conviction of sexual battery.

On December 2, 2008, the Mississippi Court of Appeals found no merit to the issue raised and

affirmed the judgment of the circuit court. *Holmes v. State*, 20 So.3d 681 (Miss. App. 2008) *reh'g denied* Aug. 4, 2009, *cert. denied* Nov. 5, 2009 (Cause No. 2007-CT-01344-COA).

On May 7, 2009, Holmes filed an application for leave to proceed in the trial court with a motion for post-conviction relief in the Mississippi Supreme Court. He raised the following issues (*pro se*):

> Issue 1. Holmes chose not to testify as of right and the prosecutor repeatedly violated Holmes fifth amendment right by referring to the prosecution's evidence as being undisputed, uncontroverted and uncontradicted.
>
> Issue 2. The prosecutor abused the prosecution's position when it used the government's own position to assure the jury that the prosecution witness told the truth, and that the prosecution witness did not lie.
>
> Issue 3. Defense counsel failed to cross-examine Holmes most favorable witness that the prosecution offered.
>
> Issue 4. The prosecutor urged her personal belief in the guilt of Holmes in her last words to the jury by stating, with conviction "and he's guilty."
>
> Issue 5. Holmes argues here that he was not taken to trial under the indictment the grand jury returned, violating his fifth amendment.... Nor did the court have proper jurisdiction to hear this matter.
>
> Issue 6. When one combines all the errors listed herein, Holmes was denied due process of law, and, fair trial.
>
> Issue 7. Holmes asserts ineffective assistance of trial and appellate counsel in each of his six (6) grounds for relief.

The application was denied on May 5, 2010. *See* Misc. Briefs and Pleadings, Cause Number 2010-M-00394.

In the instant petition for writ of *habeas corpus*, filed on June 1, 2010, Holmes raises the following issues (*pro se*):

> **Ground One.** The evidence is legally insufficient to support the crime of

sexual battery.

**Ground Two.** Petitioner was denied his constitutional right to a fair trial and effective assistance of counsel where the prosecutor violated petitioner's fifth amendment rights without objection thereto.

**Ground Three.** Petitioner was denied his constitutional right to a fair trial and effective assistance of counsel to where, without any objection, the prosecutor improperly vouched for their witness' testimony.

**Ground Four.** Petitioner was denied his constitutional right to a fair trial and effective assistance of counsel where counsel failed to effectively cross examine prosecution witness.

**Ground Five.** Petitioner was denied his constitutional right to a fair trial and effective assistance of counsel to where the prosecutor misused the government's position in assuring the jury that Holmes was guilty without any objection thereto from defense counsel.

**Ground Six.** Whether the trial court erred by allowing the state to amend the indictment and/or whether the court held proper jurisdiction of this subject matter.

**Ground Seven.** Cumulative effects of errors require the conviction to be vacated.

Holmes has exhausted his state court remedies as to the claims raised in his petition.

**Grounds Reviewed on the Merits in State Court**

The Mississippi Supreme Court has already considered all seven grounds of the instant petition on the merits and decided those issues against the petitioner; hence, these claims are barred from *habeas corpus* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to any of the petitioner's claims.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence

presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

### Ground One: Insufficiency of the Evidence

In Ground One, Holmes challenges the sufficiency of the evidence for his sexual battery conviction. The Mississippi Court of Appeals and Mississippi Supreme Court reviewed this claim in Holmes' direct appeal and found it to have no merit. A challenge to the sufficiency of the evidence can support a claim for habeas relief only if the evidence, when viewed in the light most favorable to the State is such that no reasonable fact finder "could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *see also Marler v. Blackburn*, 777 F.2d 1007, 1011 (5th Cir. 1985). This standard of review "preserves the integrity of the trier of fact as the weigher of the evidence." *Bujol v. Cain*, 713 F.2d 112, 115 (5th Cir. 1983). The standard allows the trier of fact to find the evidence sufficient to support a conviction even if "the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence." *Gilley v. Collins*, 968 F.2d 465, 468 (5th Cir. 1992).

The Mississippi Court of Appeals held in this case:

> While penetration must be proved beyond a reasonable doubt, "it need not be proved in any particular form of words, and circumstantial evidence may suffice." *Lang v. State*, 230 Miss. 147, 158-59, 87 So.2d 265, 268 (1956). B.L. stated repeatedly at trial that Holmes was "having sex" with her daughter, physically demonstrated for the jury the positions in which she found Holmes and her daughter, and described the demeanor of both R.L. and Holmes. Based on this

> testimony, the jury could have found beyond a reasonable doubt that sexual
> penetration was occurring at the moment B.L. walked in on R.L. and Holmes.
> Additionally, although R.L. was unable to explain what had happened to her due
> to her mental status, the nurse who examined her at the hospital stated that R.L.
> pointed to her rectum when explaining where Holmes had touched her. Even the
> employee from the crime lab, who was Holmes's witness, testified that it was
> possible for sexual penetration to have occurred without the presence of seminal
> fluid.
>
> Accordingly, we find that the trial court did not err in denying Holmes's motion
> for a directed verdict, request for a peremptory instruction, and motion for a
> JNOV. We, therefore, affirm Holmes's conviction and sentence.

*Holmes,* 20 So.3d at 683.[1]

Holmes' claim is without merit, as the evidence presented at trial was more than sufficient to sustain his conviction for sexual battery.[2] Testimony at trial showed that the victim was mentally retarded, having an IQ somewhere between 25 and 50. In addition, the victim's mother testified that she entered the kitchen, saw Holmes "having sex" with the victim, described precisely how it looked, and then graphically demonstrated the act described, from the perspective of both Holmes and the victim. This evidence was sufficient to sustain the petitioner's conviction. The state court's ruling on this issue was reasonable in both fact and law; as such, the petitioner's claim in Ground One of the petition will be denied.

**Grounds Two, Three, Four, and Five: Ineffective Assistance of Counsel**

In Grounds Two Three, Four, and Five, Holmes argues that he was denied effective assistance of counsel both at trial and on appeal. The Mississippi Supreme Court found no merit

---

[1] Due to the sensitive nature of the case, the Mississippi Court of Appeals identified the victim and her mother only by their initials. This court will do likewise.

[2] Holmes was indicted for sexual battery under Mississippi Code Annotated section 97-3-95(1)(b) (Rev.2006), which states: "A person is guilty of sexual battery if he or she engages in sexual penetration with .... [a] mentally defective, mentally incapacitated or physically helpless person[.]"

to these issues, which Holmes raised in his Motion for Post-Conviction Collateral Relief. To prove that his counsel was ineffective under the Sixth Amendment, Holmes must show first that counsel's performance was deficient, then that the deficiency caused prejudice to Holmes' legal position. Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997). Holmes cannot meet this burden.

In Grounds Two, Three, and Five, Holmes alleges that defense counsel failed to make proper objections. The Mississippi Supreme Court found no merit to these issues. "Failure to raise meritless objections is not ineffective lawyering, it is the very opposite." *Clark v. Collins*, 19 F. 3d 959, 966 (5th Cir. 1994). In these grounds, Holmes states that defense counsel should have objected to statements by the prosecutor that "violated petitioner's fifth amendment rights," "vouched for [the prosecution's] witness' testimony," and "misused the government's position in assuring the jury that Holmes was guilty." A review of the record reveals that the prosecution made no improper statements; therefore, objections would have been baseless. Counsel showed

competence in deciding not to object in this instance.

The following excerpts appear to be the comments to which the petitioner objects in Grounds Two and Three. During the state's closing argument, the following statements were made:

> She [the victim's mother] walked in, she caught him, he stopped. No semen. If she had waited a little bit longer? Had she not gotten out of bed at the time that she did? The evidence is uncontradicted. She took the stand, she got down, she told you, she physically showed you what she saw. And she has no reason to lie. There isn't any evidence before you as to why that woman's lying. None.

SCR, Vol. 3, p. 204-5. At the end of the state's final closing argument, the following statements were made to the jury by the prosecutor:

> On June 4th, 2006, that man sitting right there had sex with [the victim]. It's unconscionable. It's wrong. She can't protect herself, she can't say no. And he knew her her entire life. Her entire life. He knew her. He knew how she was, how she thought, and he didn't care. Yeah, it's serious.
>
> I'm asking you to follow your oath to follow the law and apply the evidence as it was in this courtroom, from what you heard, and don't speculate. Take the evidence that you heard. That's what you base your judgment on, or your verdict on, excuse me, what you heard. And it is uncontroverted, there is nothing before you to dispute what [the victim's mother] told you. Nothing. And he's guilty.

SCR, Vol. 3, p. 217. The prosecution's closing arguments were proper, as he simply recounted the proof at trial as he interpreted it. Indeed, the proof at trial supported the prosecutor's closing arguments. As such, the defense had no cause to object. This issue, therefore, is without merit.

### Ground Four: Failure to Cross-Examine Prosecution Witness Effectively

Holmes alleges in Ground Four that counsel failed to effectively cross examine a prosecution witness. The Mississippi Supreme Court found this issue to be meritless. Emergency Room Nurse Shelly Thomas testified about the emergency room procedure, the victim's responses, and collection of evidence for the rape kit at the time of the emergency room evaluation. Counsel raised a hearsay objection to this testimony, and the trial judge cautioned the

-8-

prosecution to follow closely MISS. R. EV. 803(4) regarding hearsay exceptions involving statements made for purposes of medical diagnosis or treatment. Defense counsel chose not to question Ms. Thomas at the conclusion of the state's direct examination.

> If counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable. No specific showing of prejudice was required in *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), because the petitioner had been "denied the right of effective cross-examination" which "'would be constitutional error of the first magnitude and no amount of showing of want of prejudice would cure it.'" *Id.*, at 318, 94 S.Ct., at 1111 (*citing Smith v. Illinois*, 390 U.S. 129, 131, 88 S.Ct. 748, 749, 19 L.Ed.2d 956 (1968), and *Brookhart v. Janis*, 384 U.S. 1, 3, 86 S.Ct. 1245, 1246, 16 L.Ed.2d 314 (1966)).

*U.S. v. Cronic*, 466 U.S. 648, 659, 104 S.Ct. 2039 (1984). The Court also held:

> Apart from circumstances of that magnitude, however, there is generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability of the finding of guilt. *See Strickland v. Washington*, 466 U.S., at 693-696, 104 S.Ct., at 2067-2069; *see generally Davis v. Alabama*, 596 F.2d 1214, 1221-1223 (CA5 1979), vacated as moot, 446 U.S. 903 (1980); *Cooper v. Fitzharris*, 586 F.2d 1325, 1332-1333 (CA9 1978) (en banc); *McQueen v. Swenson*, 498 F.2d 207, 219-220 (CA8 1974); *United States ex rel. Green v. Rundle*, 434 F.2d 1112, 1115 (CA3 1970); Bines, Remedying Ineffective Representation in Criminal Cases: Departures from Habeas Corpus, 59 Va.L.Rev. 927 (1973); Note, Ineffective Representation as a Basis for Relief from Conviction: Principles for Appellate Review, 13 Colum.J.Law & Social Prob. 1, 76-80 (1977).

*Id.* at n. 26. Counsel's decision not to present to the jury further testimony about the after-effects of the sexual encounter – and the victim's severe retardation – clearly constitutes sound trial strategy. The victim's mother witnessed the sexual encounter – and graphically demonstrated it for the jury. The victim's testimony further showed her extremely low mental ability – leaving the impression of an extremely sympathetic victim. Given the straightforward nature of Ms. Thomas' testimony, it appears that defense counsel could not have elicited much useful testimony – but would again fix in the jury's minds the victim's condition and injuries. Counsel

defended Holmes as best he could given the overwhelming evidence of against him. A review of the State Court Record reveals that counsel cross-examined witnesses, called a witness to attack the state's case, and made motions and objections on Holmes' behalf. Holmes has shown neither deficient performance of trial counsel, nor prejudice as a result of counsel's actions. As such, the allegation in Ground Four that counsel was ineffective will be dismissed for want of substantive merit.

Holmes also claims in the present petition that appellate counsel should have raised the issue in Ground Five (failure of defense counsel to object to statements of the prosecution during closing arguments). The *Strickland* standard of review applies to appellate counsel, as well as trial counsel. *See Evitts v. Lucey*, 469 U.S. 387, 397-399 (1985). Appellate counsel does not have a duty to raise every "colorable" claim on appeal; indeed, counsel has broad discretion in determining issues are most likely to meet with success on appeal. *Jones v. Barnes*, 463 U.S. 745, 751-754 (1985). As discussed above, none of Holmes' claims of ineffective assistance of trial counsel has merit, as such, Holmes' claims that appellate counsel failed to challenge the actions of trial counsel will be denied for want of substantive merit.

### Ground Six: The Indictment Was Insufficient to Charge an Offense Under Mississippi Law

The sufficiency of a state indictment is not a matter for federal *habeas corpus* review unless it can be shown that the indictment was so defective that the convicting court had no jurisdiction. *Riley v. Cockrell,* 339 F.3d 308, 313-14 (5th Cir. 2003); *McKay v. Collins,* 12 F.3d 66, 68 (5th Cir. 1994) (*citing Branch v. Estelle,* 631 F.2d 1229 (5th Cir. 1980). The indictment reads:

> The Grand Jurors of the State of Mississippi, taken from the body of the good and lawful men and women of said County, duly elected, empaneled, sworn and charged, at the Term aforesaid of the Court aforesaid, to inquire in and for the

> body of the County aforesaid, in the name and by the authority of the State of Mississippi, upon their oaths present: that
>
> **JAMES HOLMES, a person above the age of 18 years;**
>
> late of the County aforesaid, on or about the 4th day of June, 2006, in the County aforesaid, did unlawfully, wilfully, and feloniously, engage in sexual penetration with [the victim], a female person who is mentally defective, contrary to the form of the Mississippi statutes in such cases made and provided, and against the peace of dignity of the State of Mississippi.

S.C.R., Briefs and Other Pleadings. The indictment clearly charged Holmes with Sexual Battery in violation of MISS. CODE ANN. § 97-3-95(1)(b) in Clay County, Mississippi, on or about the 4th day of June, 2006. SCR, Vol. 1, p. 10. Section 97-3-95(1)(b) reads, "A person is guilty of sexual battery if he or she engages in sexual penetration with .... [a] mentally defective, mentally incapacitated or physically helpless person[.]" Holmes received fair notice of the charges against him. *See Robinson v. State,* 920 So. 2d 1009, 1014 (Miss. App. 2003). In addition, Rule 7.6 of the Uniform Rules of Circuit and Chancery Court requires that the indictment include:

> (1) The name of the accused;
>
> (2) The date of which the indictment was filed in court;
>
> (3) A statement that the prosecution is brought in the name and authority of the State of Mississippi ;
>
> (4) The county and judicial district in which the indictment is brought;
>
> (5) The date and, if applicable, the time at which the offense was alleged to have been committed. Failure to state the correct date shall not render the indictment insufficient;
>
> (6) The signature of the foreman of the grand jury issuing it; and
>
> (7) The words "against the peace and dignity of the state."

The indictment in this case meets all the requirements of state law; therefore, Holmes cannot show that the indictment was so defective it deprived the court of jurisdiction. Finally, if an

indictment is sufficient under state law, "a federal court need not address that issue." *McKay,* 12 F.3d at 68 (citations omitted). The Mississippi Supreme Court found that Holmes' challenge to the indictment in his motion for post-conviction (the same issue as in the present case), was without merit. As such, the court need not address the issue, and the petitioner's claim challenging the indictment in Ground Six will be denied.

## Ground Seven: Cumulative Error

In Ground Seven, Holmes argues that the cumulative errors from his trial require reversal of his conviction. The Mississippi Supreme Court found that this issue had no merit. Cumulative error may be an independent basis for federal *habeas corpus* relief, but only where "(1) the individual errors involved matters of constitutional dimensions rather than mere violations of state law; (2) the errors were not procedurally defaulted for *habeas* purposes; and (3) the errors 'so infected the entire trial that the resulting conviction violates due process.'" *Westley v. Johnson*, 83 F.3d 714, 726 (5th Cir. 1996) (*citing Derden v. McNeel*, 978 F.2d 1453, 1454 (5th Cir. 1992)). Neither meritless claims nor claims that are not prejudicial can be cumulated, regardless of the total number of such errors raised. *Derden*, 978 F.2d at 1461. In addition, Holmes has not shown that errors, capable of review, can be collected to cast doubt upon whether the state court proceeding satisfied due process. As discussed above, none of the petitioner's claims in the present case has merit, and he has not proven that the alleged errors caused him prejudice. As such, Holmes' allegation of cumulative error will be denied as meritless. The Mississippi Supreme Court's resolution of the issue in Ground Seven was not contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. Therefore, Holmes' request for federal *habeas corpus* relief in Ground Seven of the instant petition will be denied.

In sum, all of the petitioner's grounds for relief are without merit, and the instant petition for a writ of *habeas corpus* will be dismissed. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 9th day of August, 2011.

                                             **/s/ Sharion Aycock**
                                             **U.S. DISTRICT JUDGE**